## UNITED STATES v. BREWSTER.

(Circuit Court of Appeals, Fifth Circuit. January 18, 1909.)

No. 1,811 (1,961).

CUSTOMS DUTIES (§ 26*)—CLASSIFICATION—ZINC ORES—"CALAMINE"—"MINERALS CRUDE"—"LEAD-BEARING ORE OF ALL KINDS."

    The zinc ores known as carbonate, silicate, and sulphide of zinc are free of duty, the carbonate and silicate as "calamine," and the sulphide as "minerals, crude," under Tariff Act July 24, 1897, c. 11, § 2, Free List, pars. 514, 614, 30 Stat. 196, 199 (U. S. Comp. St. 1901, pp. 1682, 1685), except that when they contain lead they are subject to the duty provided on "lead-bearing ore of all kinds," in section 1, Schedule C, par. 181, 30 Stat. 166 (U. S. Comp. St. 1901, p. 1644).

    [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 26.*]

Appeal from the Circuit Court of the United States for the Southern District of Texas.

The court below affirmed decisions by the Board of United States General Appraisers, which had reversed the assessment of duty by the collector of customs at the port of Laredo. The case involves the following provisions of Tariff Act July 24, 1897, c. 11, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1626):

"Par. 181. Lead-bearing ore of all kinds, one and one-half cents per pound on the lead contained therein. * * *

"Par. 183. Metallic mineral substances in a crude state, and metals unwrought, not specially provided for in this act, twenty per centum ad valorem. * * *

"Par. 514. Calamine. * * *

"Par. 614. Minerals, crude, or not advanced in value or condition by refining or grinding, or by other process of manufacture, not specially provided for in this act."

The character of the materials in controversy is stated as follows in the government's brief:

The imported ores, broadly described, were: (a) Concentrated sulphides containing 28 per cent. zinc and 2 per cent. lead. (b) Carbonates crushed and hand-picked, containing 28 per cent. zinc and 7 per cent. lead. (c) Carbonates and silicates combined, crushed and hand-picked (21 to 35 per cent. carbonate, 2 to 26 per cent. silicate), in some less than 1 per cent. of lead, and in others no lead.

In some instances duty was assessed under said paragraph 183, Tariff Act 1897; in other instances duty was assessed on the lead contents under said

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

paragraph 181, and on the zinc contents under paragraph 183; and in one case duty was assessed only on the lead contents.

The Board of General Appraisers held, as claimed by the importer, that the merchandise was free of duty, the carbonates and silicates under paragraph 514, as "calamine," and the sulphides under paragraph 614, as "minerals, crude," except that the lead-bearing ores were held subject to the duty provided in said paragraph 181 for "the lead contained therein." This conclusion was affirmed by the Circuit Court, except that the latter tribunal held that said provision in paragraph 181 for "lead-bearing ores" was exclusive.

The opinion filed by the Circuit Court is as follows:

"BURNS, District Judge. This is an appeal in the nature of a petition to review the action of the Board of General Appraisers in holding the several importations in question subject to duty under paragraph 181 of the tariff act of July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 166 (U. S. Comp. St. 1901, p. 1644). Said paragraph is as follows:

"'Lead-bearing ore of all kinds, one and one-half cents per pound on the lead contained therein.'

"The counsel for the importer concedes that this assessment is correct; and, whilst the action of the collector of customs in so assessing duty was embraced in the original protests, it was abandoned upon the hearing, and therefore is not at issue here. The appellant in its petition complains of the action of the board in not sustaining the action of the collector in assessing an additional duty of 20 per cent. ad valorem under paragraph 183 on the value of the zinc contents. The importations involved in the several protests consist of zinc ore; and the importer in his protests claims the same to be free of duty under paragraphs 514, 614, 629, or, in the alternative, that, in the event the same is subject to duty, only the lead contents thereof are dutiable at the rate of 1½ cents per pound.

"In so far as the specific duty is concerned, the question presents no difficulty; the language clearly and specifically provides that the lead contents shall be subject to duty at the rate assessed by the collector. Besides as suggested, this feature has been eliminated by the counsel for the respondent, and therefore not a subject for further inquiry.

"The single question here presented is, are the ores free of duty under paragraphs 514 and 614, or subject to duty at the rate of 20 per cent. ad valorem under paragraph 183? If the latter provision does not apply, it follows that the General Board is not in error in holding the importations not subject to the ad valorem tax.

"Paragraph 183 is as follows:

"'Metallic mineral substances in a crude state, and metals unwrought, not specially provided for in this Act, twenty per centum ad valorem.'

"From the evidence in this case it appears that zinc as metal is not found in the ores involved herein, nor are they metallic mineral substances, and therefore not subject to duty under paragraph 183. This conclusion is reached from the entire record as an original proposition, and is supported by the opinion in the case of Hempstead v. Thomas, 122 Fed. 538, 59 C. C. A. 342.

"The court is of the opinion that the importations in question are free of duty under sections 514 and 614, and the contention of appellant cannot be sustained that the latter section is without application by reason of the importations having been advanced in value by what is claimed as 'a process of manufacture'; said process consisting of eliminating the rock and dirt by hand and hammer, in order to reduce the bulk and save the paying of freight charges upon useless and foreign matter. This contention would require a broad stretch of the imagination to designate the labor performed as 'a process of manufacture.'

"The case cited, Hempstead v. Thomas, supra, is conclusive of the contention made by the appellant. It follows as a conclusion of law:

"First. That the provision for lead-bearing ores in paragraph 181, under the facts in this case, is exclusive, and that the importations are not subject to additional duty.

"Second. That paragraph 183 is without application to the merchandise in question.

"Third. That the ores are free under paragraphs 514 and 614 of the tariff act of 1897.

"The petition for review disclosing no error, the finding of the Board of General Appraisers should be in all things affirmed; and the decree will so provide, with directions to the collector of customs to liquidate the entries in accordance with this holding."

Lodowick McDaniel and Rufus E. Foster, U. S. Attys. (James C. McReynolds, Sp. Asst. Atty. Gen., of counsel; Charles E. McNabb, on the brief), for the United States.

Baker, Botts, Parker & Garwood (W. Wickham Smith, of counsel; Henry S. Wardner and Howard T. Walden, on the brief), for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. Under the facts in this case it is not necessary to decide whether the provision for lead-bearing ores in paragraph 181, Tariff Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 166 (U. S. Comp. St. 1901, p. 1644), is exclusive. On the merits the Board of General Appraisers and the Circuit Court ruled correctly.

The judgment of the Circuit Court is affirmed.